UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT VELEZ,<br>    *Petitioner*,<br><br>v.<br><br>FLOWERS,<br>    *Respondent*. | )<br>)<br>)<br>)<br>) 3:25-CV-208 (OAW)<br>)<br>)<br>)<br>) |

## ORDER GRANTING WRIT OF HABEAS CORPUS

**THIS ACTION** is before the court upon a Petition for Writ of Habeas Corpus ("Petition"). *See* ECF No. 1. The court has reviewed the Petition, the response to the court's order to show cause ("Response"), *see* ECF No. 12, the attachment thereto, and the record in this matter. No reply is necessary. For the reasons discussed herein, the Petition hereby is **GRANTED.**

On April 22, 2024, Petitioner was sentenced to serve 36 months in federal prison for his possession with intent to distribute cocaine. Presently, he is incarcerated at the Federal Correctional Institute in Danbury, Connecticut ("FCI Danbury"). Then-President Joseph R. Biden, Jr. granted clemency as to Petitioner on January 17, 2025, commuting Petitioner's total term of imprisonment such that his sentence would expire on April 17, 2025. Petitioner argues that the Bureau of Prisons ("BOP") wrongfully is detaining him until then, as there are good time credits ("GTC") and earned time credits ("ETC") which, if applied, should result in his immediate release from custody. He petitions this court to order BOP to correctly calculate his release date, taking into consideration all the GTCs and ETCs he has accumulated to date.

Section 3624 (b)(1) of Title 18 of the United States Code allows prisoners "serving a term of imprisonment of more than 1 year . . . [to] receive credit . . . of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Further, "credit for the last year of a term of imprisonment shall be credited on the first day of the last year of the term of imprisonment." *Id.*

Mr. Velez was sentenced to 36 months in prison (more than one year); thus, he was eligible to earn such credit through exemplary behavior. However, in its timely response to the petition, the government argues that commutation "does not . . . entitle the petitioner to release any earlier than the date specified in the order." *See* Response, ECF No. 12 at 2. This is not because the sentence necessarily has become less than one year in length;[1] indeed, Respondent correctly argues that such executive action only affects enforcement of the judgment, but it does not change the judgment itself. *Id.* at 3.

Rendering April 17 Petitioner's maximum release date necessarily makes this year the "last year of [his] term of imprisonment" under § 3624 (b)(1). Accordingly, all earned credits should be determined immediately and applied immediately thereafter. Nothing within the clear language of the statute holds otherwise. For example, nowhere in the statute does it state that the commutation of a sentence to a release date which will be less than one year from the date that the prisoner started serving that sentence shall in any way render that prisoner ineligible to earn the credits described therein.

---

[1] Mr. Velez began serving his sentence on June 18, 2024, upon entering federal prison. Response at 3.

2

Various federal courts have arrived at similar conclusions. *See, e.g., United States v. Razz,* 379 F. Supp. 3d 1309 (S.D. Fla.), order amended on denial of reconsideration, 387 F. Supp. 3d 1397 (S.D. Fla. 2019), aff'd, 837 F. App'x 712 (11th Cir. 2020) (reducing a commuted sentence further in response to a Guidelines Amendment); *United States v. Ward*, 824 F. App'x 630, 633 (11th Cir. 2020) ("[T]he commutation of [the defendant's] sentence did not render him ineligible for a sentence reduction under the First Step Act . . . ."; *United States v. Hudson*, 967 F.3d 605, 609 n.4 (7th Cir. 2020) ("The government agreed that the President's commutation did not make Speed ineligible for a sentence reduction under the First Step Act.").

Accordingly, while Petitioner's commutation obligates BOP to cease enforcement of Petitioner's sentence on April 17, 2025, until then, BOP is bound to continue enforcing his sentence in the manner Congress legislates, and Congress has made no exception to the applicability of time credits for those serving commuted sentences.

As the court concludes that Petitioner's claim has merit, Respondent would seem to take the position that Petitioner "has sufficient GCT and FSA credits to warrant immediate release." Response at 2. However, while the court finds Petitioner *eligible* for such credits, the court still defers to BOP in determining whether Petitioner has satisfied the elements set forth by the legislature in having those credits applied. At the same time, the court reiterates that BOP is bound to immediately make this determination, particularly in light of the government's concession that such credits, if applied, would result in Petitioner's immediate release. Essentially, BOP must proceed as if today is the "first day of the last year of [Mr. Velez's] term of imprisonment."

Accordingly, it is hereupon **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED.**

2. BOP is instructed to immediately proceed to determining whether Petitioner has satisfied the behavioral or other statutory requirements necessary to have earned the credits Petitioner seeks to have calculated and applied to his release date.

**IT IS SO ORDERED** in Hartford, Connecticut, this 7th day of March, 2025.

                                              /s/
                                    OMAR A. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE